Losing, J.,
delivered the opinion of the court:
The petitioner claims against the Hnited States $3,600 upon a lease of premises in Georgetown.
And the court find the facts to be—
That on the 24th of June, 1861, Miss English, the testatrix, leased to the United States the buildings and grounds in Georgetown, known as the Female Seminary, to be used as a military hospital, at a rent of $300 per month, to be paid monthly, during their occupation by the' United States. The occupation and rent to commence July 1,1861.
The United States occupied the premises from the 1st of July, 1861, to June 25,1865, and they paid monthly to said testatrix the rent reserved of $300 per month, up to July 1, 1862.
On July 1,1862, the rate of rent was reduced by the United *112 States to $200 per month, and Miss English was notified of such reduction.
The rent of $200 per month was paid monthly by the United States to Miss English, from the 1st of July, -1S62, to the 1st of July, 1865, and receipted for by Miss English in thirty-six receipts, each stating the amount received to be in full for the rent for the month specified in the receipt.
On July 25, 1864, during the occupation of the premises by the United States, Miss English, by her letter of said date addressed to the Hon. E. M. Stanton, Secretary of War, requested that she might receive from the first day of said July, 1864, “ the rent originally agreed upon” of $300 per month. This request was not acceded, to by the United States, and Miss English was so informed, and that the original rent was fixed on the supposition that the government occupation would be but temporary, and that the monthly rent of $200 was fully equal to the rates paid for other property occupied for any length of time by the government.
The premises leased were surrendered by the United States to Miss English on June 25,1865, and by a letter dated July 21,1865, and addressed to “ Hon. J. K. Barnes, Surgeon General,” Miss English requested that the rent of the whole of the month of said June, 1865, might be paid to her, and $200 was paid to her by the United States, for the rent for said month of June, and she receipted for it as in full for said month’s rent.
The petitioner claimed $100 per month from the 1st of July, 1862, to the 1st of July, 1865, being the difference between tlie rent originally reserved, and that iiaid during said time, and amounting to the sum of $3,600.
The defendants pleaded the statute of limitations as to rent accruing in and for the months of July, August, September, October, November, and December, 1862.
And on the facts stated above the court adjudge that said petition be dismissed.
When the rent was reduced by the United States from $300 to $200 per month, Miss English was notified of the reduction, and no express dissent or assent by her is shown by the evidence. But it is shown that the United States continued to occupy the premises, and that Miss English continued to receive and receipt for the reduced rent monthly, by receipts stating each amount received to be in full for the time it specified; and *113 we think the inference from these facts is, that she preferred to Receive the reduced rent rath.er than the surrender of the premises, which she might have required, and therefore she assented to the change of the original contract.
And we think her letter to the Secretary of War, dated July 25, 1864, requesting the restoration of the original rent, for the future occupation of the premises, taken in connection with the reply to that letter, and the subsequent occupation of the premises by the Dnited States, and her subsequent receipts of the reduced rent, in no way repels but rather confirms the inference stated.
It is undoubtedly true, as urged by the counsel for the petitioner, that a contract cannot be altered by one of the parties to it, and that a receipt may be explained. We think the evidence shows that Miss English assented to the alteration proposed by the Dnited States, and that there is nothing shown to qualify the receipts in full that she gave.